ZATOPA & SIEGEL
Michael Zatopa, State Bar No. 84219
mike@zatopasiegel.com
100 Spear Street, Suite 700
San Francisco, CA 94105
Telephone: (415) 896-1400
Facsimile: (415) 896-1403

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| JENNIFER CHANG, by and through her parents, NORMAN AND LINA CHANG<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA SCHOOL FOR THE DEAF, CALIFORNIA DEPARTMENT OF EDUCATION, and FREMONT UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | Case No. C06-02337 JSW<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF PURSUANT TO:**<br><br>**1) INDIVIDUALS WITH DISABILITIES EDUCATION ACT, 20 U.S.C. §§ 1400 et seq.;**<br><br>**2) REHABILITATION ACT, 29 U.S.C. §§ 794 et seq.;**<br><br>**3) AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101 et seq.** |

## I. INTRODUCTORY STATEMENT

1. Plaintiff Jennifer Chang ("Jennifer"), a thirteen-year-old deaf child with autism, and her parents, Norman and Lina Chang, appeal an administrative hearing decision denying Jennifer an appropriate education in her primary language, American Sign Language. The plaintiffs bring this action against defendants California School for the Deaf - Fremont ("CSDF"), California Department of Education ("CDE"), and the Fremont Unified School District ("FUSD"), and each of them, under the Individuals with Disabilities

1  Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, the Americans with Disabilities Act
2  ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act
3  ("Rehabilitation Act"), 29 U.S.C. §§ 794, *et seq.*

4      2. Plaintiffs allege that defendants are violating Jennifer's right to a free appropriate public education under the IDEA, by, among other things, refusing to allow Jennifer to be educated with her deaf peers in her only language, American Sign Language. Plaintiffs further allege that defendants are unlawfully discriminating against Jennifer on the basis of her disability by making educational placement decisions based on her category of disability, in violation of the ADA and the Rehabilitation Act.

    3. On September 4, 2005, CSDF requested a due process hearing to remove Jennifer from their deaf program and to place her in a hearing program for autistic children. The Administrative Law Judge ("ALJ") in the Office for Administrative Hearings ("OAH") denied plaintiffs' motion to continue the due process hearing so that they could consolidate their counter-petition against the CSDF. On January 5, 2006, the ALJ issued a decision in favor of defendants CSDF and the FUSD and against plaintiffs.

    4. Jennifer, being aggrieved by the due process hearing decision, brings this civil action pursuant to 20 U.S.C. § 1415(i)(2)(A). Pursuant to 20 U.S.C. § 1415(j), Jennifer seeks injunctive relief requiring defendants to maintain her current educational placement, which includes instruction at CSDF in the mornings, and attendance at a Special Day Class at Maloney Elementary in the afternoon.

## II. JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

    5. This Court has jurisdiction over the federal claims in this action pursuant to 20 U.S.C. § 1415(i)(2)-(3) and 28 U.S.C. § 1331.

    6. Venue is proper in this Court under 28 U.S.C. § 1391(b). All defendants reside, maintain offices, or enforce the laws relevant to this litigation in the Northern District of California. All the events which are the subject of this complaint occurred within the Northern District of California.

7. Assignment to the San Francisco or Oakland division of this court is appropriate. All parties reside or conduct business in Alameda County. All events which are the subject of this litigation took place in Alameda County. Civil L.R. 3-5(c), Civil L.R. 3-2(d).

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiffs have exhausted their administrative remedy pursuant to 20 U.S.C. § 1439 and 34 C.F.R. § 303.420-303.425.

### IV. PARTIES

### PLAINTIFFS

9. Jennifer is a thirteen-year-old minor with multiple disabilities. She is a resident of Fremont, California, and a pupil in the jurisdiction of the FUSD. Jennifer has been diagnosed as deaf, autistic, and cognitively impaired, and therefore is a "child with a disability" within the meaning of the IDEA, 20 U.S.C. § 1401(3), and is a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act. 42 U.S.C. § 12131(2); 29 U.S.C. § 794.

10. Norma and Lina Chang are Jennifer's parents and reside in Fremont, California with Jennifer. They have legal and physical custody of Jennifer. Both parents know American Sign Language and use it every day to communicate with Jennifer.

### DEFENDANTS

11. CSDF is a subdivision of the California Department of Education pursuant to California Education Code Sections 59000-59054. CSDF is a recipient of federal funds under the IDEA, is a "local education agency" within the meaning of the IDEA, 20 U.S.C. § 1401(4), and must therefore comply with the Act and its regulations. CSDF is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1). CSDF is also a "program or activity" that receives federal funding within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(b).

12. CDE is the state educational agency responsible for monitoring the implementation of the IDEA in the State of California. CDE receives federal funds under

the IDEA and other federal financial assistance programs and therefore is subject to the requirements of 20 U.S.C. §§ 1400, *et seq.* CDE has also assumed direct educational responsibility for the deaf students in California pursuant to California Education Code §§ 59000-59054. CDE is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1) and a "program or activity" that receives federal funding within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(b).

13.  FUSD is a political subdivision of the State of California and a duly incorporated school district located in Fremont, California. FUSD is a recipient of federal funds under the IDEA, is a "local education agency" within the meaning of the IDEA, 20 U.S.C. § 1401(4), and must therefore comply with the Act and its regulations. FUSD is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1) and a "program or activity" that receives federal funding within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(b).

## V. FACTUAL BACKGROUND

14.  Jennifer was born deaf, autistic and developmentally disabled. Jennifer has received intervention services since infancy. She began attending CSDF at the age of 20 months. In June 1995, when Jennifer was three years old, FUSD began providing occupational therapy services to address sensory issues which affected her overall performance.

15.  In Fall 1999, Jennifer began to attend a special day class at CSDF. FUSD conducted another evaluation of Jennifer's performance and behavior in October 1999 and concluded that Jennifer was a student with profound hearing loss and significant developmental delays. Jennifer, however, responded to simple sign language, pictures and other means of visual communication. This evaluation found that Jennifer remained eligible for special education services due to her developmental disability and bilateral deafness.

16.  Jennifer continued full time attendance at CSDF through the 2003-2004 school year. At an Individualized Education Program ("IEP") (see paragraph 23

1  below for more information regarding IEPs) team meeting on October 18, 2002, CSDF
2  began its attempts to discharge Jennifer from CSDF by recommending that she be referred
3  back to FUSD for placement in a severely handicapped class designed for hearing students
4  who are autistic, developmentally disabled, or with other severe disabilities. Plaintiffs
5  objected to this change in placement and stated that they saw steady growth in Jennifer's
6  sign language skills and development during her attendance at CSDF, and believed that her
7  only means of communication was American Sign Language. Jennifer remained in the
8  Special Needs Elementary program at CSDF at that time.

9      17.   CSDF has consistently refused to develop appropriate programs for
10 deaf students with multiple disabilities. CSDF has formally taken the position that it is not
11 obligated to deaf children who have additional disabilities, i.e., that it only serves deaf
12 children who do not otherwise have multiple disabilities.

13     18.   At an IEP meeting on May 28, 2004, CSDF and FUSD stated that
14 Jennifer was not making progress and proposed a transition out of the program at CSD and
15 into a Special Day Class for moderate to severe autistic students at Maloney Elementary
16 School in FUSD. Plaintiffs initiated due process regarding this proposed placement.
17 Plaintiffs, FUSD and CSDF reached an agreement in which Jennifer would attend a school
18 district program for autistic hearing children in the afternoon with a signing aide in the
19 2004-05 school year.

20     19.   At an IEP meeting in April of 2005, CSDF and FUSD again
21 proposed transferring Jennifer full time to FUSD's Special Day Class for the 2005-2006
22 school year. Plaintiffs refused to consent to a change in placement that would deny Jennifer
23 the right to an education with a teacher and peers who utilize Jennifer's primary language.

24     20.   CSDF requested a due process hearing under the IDEA seeking to
25 enforce the change in placement. Plaintiffs initiated a Counter Petition against both CSDF
26 and FUSD alleging that CSDF and CDE were failing to provide Jennifer an education in
27 her only and primary language, sign language, and further, were purposefully failing to
28

appropriately educate Jennifer to prevent her from progressing at CSDF, thereby justifying their attempts to discharge her from CSDF.

21. Plaintiffs sought a continuance of the hearing addressing CSDF's petition in order to allow consolidation of their counter-petition with that of CSDF. The ALJ issued two orders which denied plaintiffs' right to due process, including (a) an order finding that the plaintiffs' petition was insufficient to form the basis for a valid due process proceeding under the IDEA and (b) an order denying a continuance to allow plaintiffs' counter-petition to be heard with CSDF's Petition. The ALJ, therefore, did not address the plaintiffs' issues raised in their counter-petition.

22. The ALJ conducted an administrative hearing pursuant to federal and state law on November 14, 15, 28, 29, and 30, and December 5, 2005, pursuant to 20 U.S.C. §1415(f). The ALJ issued a decision on January 5, 2006, concluding that while Jennifer's primary language was sign language, FUSD's autism program for hearing children was appropriate for Jennifer. The ALJ rejected plaintiffs' contention that for an education to be appropriate under the IDEA and California law, it must be taught in the student's primary, and here her primary, language.

## VI. STATUTORY FRAMEWORK

### Individuals with Disabilities Education Act

23. The IDEA and the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400, *et seq.*, as amended, and the regulations promulgated thereunder, 34 C.F.R. Part 300, detail specific rights to which a child with a disability is entitled. These rights include, but are not limited to:

    a. the right to have planned and implemented an appropriate Individualized Education Programs (hereinafter "IEPs") pursuant to 34 C.F.R. §§300.309, 300.340, 300.342, 300.343, 300.344, 300.345, 300.346, 300.347 and 300.350; and

    b. the right to a "free and appropriate public education" ("FAPE") 20 U.S.C. §1401(9); 34 C.F.R. §300.13.

24. States are required by 20 U.S.C. §1412(4) and 20 U.S.C. §1414(d) to ensure that each local educational agency in the state seeks and identifies all areas of need for those individuals with disabilities and establishes and maintains an appropriate IEP for each disabled student. The local public education agencies are held responsible by C.F.R. §300.343 for initiating and conducting meetings for the purpose of appropriately developing, reviewing, and revising a disabled child's IEP

25. Federal law, in the case of the child who is deaf or hard-of-hearing, requires public educational agencies to consider the child's language and communications needs, opportunities for direct communications with peers and professional personnel in the child's language and communication mode, including opportunities for direct instruction in the child's language and communication mode pursuant to 34 C.F.R. §300.346(a)(2)(iv).

26. California has enacted a deaf "Bill of Rights," which requires that that hard-of-hearing and deaf children have an education in which special education teachers and other special education personnel are proficient in the primary language mode of those deaf children, and with a sufficient number of language mode peers with whom they can communicate directly and who are the same, or approximately the same, age and ability level. Cal. Ed. Code §56000.5(b).

27. Pursuant to 20 U.S.C. §1415(f), a due process hearing must be held regarding any dispute arising in relation to a student's IEP, or the failure of a district to provide a free appropriate public education (FAPE) in the least restrictive environment (LRE). Any party aggrieved or partially aggrieved by the findings and decision rendered after a state level hearing has the right to bring a civil action in the United States District Court. 20 U.S.C. § 1415(i)(2); 34 C.F.R. §300.512. In such an action, the Court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party and shall grant such relief as the Court determines is appropriate pursuant to 20 U.S.C. §1415(i)(2)(B)(i) – (iii).

## VII. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

[ IDEA, § 1412(a)(5); §1414(d); 34 C.F.R. § 300.552(e) ]

28. Plaintiffs hereby incorporate by reference paragraphs 1-27 above.

29. Defendants, by their actions and inactions set forth above, violate the following rights under the IDEA:

    a. the right to have an IEP that provides an educational program in a language that will allow Jennifer to communicate with her teacher and peers pursuant to 34 C.F.R. §300.346(a)(2)(iv); and

    b. the right to have access to a due process proceeding to dispute the appropriateness of the education offered by defendants, rather than rejecting plaintiffs' valid claims as insufficient, and then forcing plaintiffs to defend an administrative hearing without the ability to raise plaintiffs' issues pursuant to 20 U.S.C. §1415 (f).

30. Defendants have violated plaintiffs' substantial due process rights under the IDEA, 20 U.S.C. §§1400, *et seq.*, by failing to offer Jennifer an education that is provided in her primary and only language, therefore violating the IDEA, and failing to implement California law including but not limited to the following rights:

    a. the right to have planned and implemented appropriate IEP pursuant to 34 C.F.R. §§300.309, 300.340, 300.342, 300.343, 300.344, 300.345, 300.346, 300.347 and 300.350;

    b. the right to be provided with full and appropriate educational opportunities pursuant to 20 U.S.C.§ 1414 (d), 20 U.S.C. § 1412 (a) (2), and 34 C.F.R § 300.304;

    c. the right to an education in a communication mode that will allow Jennifer to communicate with her teacher and peers pursuant 34 C.F.R. §300.346(a)(2)(iv); and

    d. the right as a deaf individual in California to an education in which a special education teacher and other special education personnel who are proficient

in the primary language mode of those deaf children, and with a sufficient number of language mode peers with whom they can communicate directly and who are the same, or approximately the same, age and ability level pursuant to Cal. Ed. Code §56000.5(b).

## SECOND CLAIM FOR RELIEF

[ ADA, 42 U.S.C. §§12101, *et seq.*; 28 C.F.R. § 35.130(b)(1)(I) ]

31. Plaintiffs hereby incorporate by reference paragraphs 1-27 above.

32. Defendants, by its actions and inactions set forth above, violate the ADA, 42 U.S.C. §§ 12131, *et seq.*, and its implementing regulations, 28 C.F.R. Part 35, by denying, on the basis of the severity and type of disability, the opportunity to benefit from defendants' services and programs, as prohibited by 28 C.F.R. § 35.130(b)(1)(I).

## THIRD CLAIM FOR RELIEF

[ Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*; 34 C.F.R. Part 104 ]

33. Plaintiffs hereby incorporates by reference paragraphs 1-27 above.

34. Defendants, by its actions and inactions set forth above, violate Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*, and its implementing regulations, 34 C.F.R. Part 104, by denying, on the basis of the severity and type of disability, the opportunity to benefit from defendants' services and programs.

## FOURTH CLAIM

[ IDEA 20 U.S.C. § 1415(j) ]

35. Plaintiffs hereby incorporate by reference paragraphs 1-34 above.

36. Plaintiffs requests that this Court enter a preliminary injunction ordering that Jennifer remain in the last agreed-upon educational placement for the pendency of the litigation (a "stay put" order), pursuant to 20 U.S.C. § 1415(j).

## VIII. ATTORNEYS' FEES

37. Plaintiffs are entitled to and seeks an award of their attorneys' fees and costs pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B), the ADA, 42 U.S.C. § 12205, and the Rehabilitation Act, 29 U.S.C. § 794a(b).

## IX. PRAYER FOR RELIEF

38. Plaintiffs respectfully request that this Court enter judgment on their behalf and enter preliminary and permanent injunctive relief and declaratory relief as follows:

(a) Entering a preliminary injunction (a "stay-put" order) so that Jennifer remain in the last agreed-upon education placement for the pendency of the litigation, pursuant to 20 U.S.C. § 1415(j);

(b) Receiving the administrative record in this matter and hear and receive additional evidence offered by plaintiffs on the issues raised on appeal in this matter;

(c) Declaring that defendants violated Jennifer's rights under the IDEA by failing to educate Jennifer with her deaf peers to the maximum extent appropriate; failing to provide her with the supplementary aids and services necessary to allow her to be educated in her primary language, sign language, to the maximum extent appropriate; and failing to provide her the opportunity to be involved in and progress in the CSDF's curriculum for the deaf;

(d) Issuing a declaratory judgment that defendants' placement offer for Jennifer, a deaf individual, in a full time autism program for hearing students for the 2005-06 school year violates Jennifer's right to a free appropriate public education;

(e) Declaring that defendants violated the ADA by denying Jennifer, on the basis of the severity and type of disability, the opportunity to benefit from defendants' services and programs;

(f) Declaring that defendants violated Jennifer's rights under Section 504 of the Rehabilitation Act by denying her, on the basis of the severity and type of disability, the opportunity to benefit from defendants' services and programs;

(g) Ordering defendants to provide a deaf program for deaf children with multiple disabilities;

(h)  Awarding plaintiffs appropriate damages, and reasonable attorney's fees and costs' in accordance with the IDEA, 20 U.S.C. §§ 1415 (i)(3)(B); and,

(i)  Ordering such other relief as the Court may deem just, equitable, and proper.

## X. DEMAND FOR JURY TRIAL

36. Plaintiffs demand a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 3, 2006

_____
Attorney for Plaintiffs
Jennifer Chang, by and through her parents, Norman and Lina Chang