1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JENNIFER CHANG, et al.,

      Plaintiffs,

   v.

CALIFORNIA SCHOOL FOR THE DEAF, et al.,

      Defendants.

_____/

No. C 06-02337 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 29, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Defendants' motion to dismiss and **RESERVES RULING** on Defendants' motion to strike.

**United States District Court**
For the Northern District of California

The parties shall have 20 minutes to address the following questions:

1.  Defendants allege that J.C. is not "otherwise qualified" for admission to California School for the Deaf (CSD), citing the existence of "criteria" under California Education Code § 59020.  In light of the fact that J.C. has been admitted to CSD since the age of 20 months, what specific criteria does she fail to meet indicating that she is unqualified for admission to CSD?  Do the parties agree that but for her autism, J.C. would be qualified for admission to CSD?

2.  Defendants argue that Plaintiffs do not make out a claim under the Americans with Disabilities Act or the Rehabilitation Act due primarily to the school's compliance with the requirements of the Individuals with Disabilities Education Act.  How does compliance with the IDEA inform the question of whether Defendants discriminated against Jennifer on the basis of her additional disabilities?  *See Sullivan v. Vallejo Unified School District*, 731 F. Supp. 947, 950-51 (E.D. Cal. 1990) (noting that a student may be the subject of discrimination by virtue of his or her handicap even though school provided the basic educational opportunities pursuant to the IDEA).

3.  Does the introduction of the Settlement Agreement have the effect of converting Defendants' motion to strike to a motion for summary judgment?  If so, what extrinsic evidence do Plaintiffs intend to introduce to defeat the plain language of the agreement?

4.  What is Plaintiffs' position regarding the impact of the general waiver of *all* possible claims in paragraph 8 of the Settlement Agreement (not the specific waiver of IDEA claims in paragraph 5)?  Should paragraph 8 control here, are the factual claims underpinning the ADA and RA causes of action in paragraphs 16 through 24 of the complaint impertinent and subject to being stricken?

5.  Is there any indication, either in the language of the Settlement Agreement or in the extrinsic evidence regarding the parties' intent, that the general waiver provision (¶ 8) is ambiguous?  *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (holding that local law applies to contract interpretation); *see also Pacific Gas & Electric Co. v. G.W. Thomas Drayage*, 69 Cal. 2d 33, 40 (1968) (California law permits introduction of parole evidence to establish contract ambiguity).

6.  Do the parties have anything further they wish to address?


**IT IS SO ORDERED.**


Dated:  September 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2